E-FILED
Monday, 19 December, 2022 01:04:51 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

**FRENCHPORTE IP, LLC,**

      **Plaintiff,**

**v.**

      **Case No. 21-2014**

**C.H.I OVERHEAD DOORS, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Sanctions (#60) filed by Defendant C.H.I. Overhead Doors, Inc. ("Defendant"). Plaintiff FrenchPorte IP LLC ("Plaintiff") filed a response (#64) in opposition. As a preliminary matter, for the reasons provided in prior orders, the motions to seal related to the Motion for Sanctions (#59, #63, and #65) are GRANTED. For the reasons provided below, the Court recommends that Defendant's Motion for Sanctions (#60) be granted in part and denied in part.

I.     **Background**

On April 9, 2021, Defendant served Plaintiff with its first discovery requests. After Plaintiff failed to respond to Defendant's discovery requests, Defendant filed a motion to compel on November 29, 2021. On February 3, 2022, the Court granted Defendant's motion and ordered Plaintiff to both produce "all remaining responsive documents for Defendant's Request for Production" and "to appropriately supplement its responses to interrogatory Nos. 1-7 by February 14, 2022."

Starting on February 17, 2022, three days after the deadline, Plaintiff finally began producing documents. Defendant claims that the February production was deficient because it included thousands of irrelevant documents and because Plaintiff produced the documents as unsearchable single page PDFs without the required metadata fields.

In addition, Plaintiff supplemented its responses to interrogatories on February 21, 2022, one week after the Court's deadline. Defendant claims that Plaintiff's response includes improper objections and fails to fully answer the interrogatories.

The parties met and conferred on February 28, 2022, in an attempt to resolve their disputes. While the parties agree on very little at this stage in the litigation, they agree that Plaintiff promised to fulfill certain tasks by the end of March as presented to the Court in the proposed Agreed Order (#49). The Agreed Order provided that Plaintiff would do the following:

> (i) Plaintiff FrenchPorte IP, LLC ("FrenchPorte") will replace its document production with Bates numbers CHI00000001–CHI01122144 with a production that utilizes the same Bates numbers for each document, but with the prefix FRENCHPORTE or FP, and which is in a format that complies with the ESI Order (Dkt. 29);

> (ii) The replacement production called for by paragraph (i) herein shall be reviewed for responsiveness to Defendant C.H.I. Overhead Doors, LLC's ("C.H.I.") Requests for Production. This review shall be conducted by FrenchPorte's legal counsel, and not by FrenchPorte personnel. FrenchPorte is further ordered to provide a chart indicating, by Bates number for each of the previously-produced documents, which of C.H.I.'s Requests for Production each such document is responsive to. If a production document is not responsive to any of C.H.I.'s Requests for Production, FrenchPorte will also indicate as such in the same chart.;

> (iii) This replacement production has had a spam filter applied to it prior to review to remove spam/advertisement type emails. Only the domains provided in the attached Exhibit A have been reviewed for responsiveness as these are domains that presumptively have user emails. FrenchPorte will provide with its production a list of all the domains that have been excluded as spam domains (e.g., Groupon, Nutrisystem, etc.) If C.H.I. feels any of these excluded domains need to be reviewed, and FrenchPorte agrees, these spam domains will be reviewed following the production as quickly as possible. If the parties cannot agree relating to spam domains they will seek the Court's guidance on this matter.;

> (iv) FrenchPorte will supplement its responses to C.H.I.'s Interrogatory Nos. 1–7 to provide full, complete, and non-evasive answers. To the extent FrenchPorte points to or relies on its production documents to supply the information called for by any Interrogatory, FrenchPorte shall specifically

identify any such documents by Bates number by reference to the Bates numbers produced as CHI00000001–CHI01122144. FrenchPorte will further supplement its responses to update its Bates number references to the production called for by Paragraph (ii).;

In short, Plaintiff agreed to (1) replace its document production with a production using Bates numbering ("replacement production"), (2) produce a chart indicating the document request to which each document responds, (3) apply a spam filter for the replacement production to weed out irrelevant documents, and (4) supplement its responses to interrogatories 1-7 to provide complete answers. The Agreed Order did not include a deadline for completion.

On May 11, 2022, Defendant filed its second Motion to Compel (#53) claiming Plaintiff had failed to comply with the Agreed Order and seeking sanctions. In its Response (#57), Plaintiff admitted it failed to supplement its original interrogatory responses, failed to produce the agreed upon chart, failed to provide Defendant with the terms used in the spam filter, and took the position that it was no longer willing to provide bates citations to every document. Plaintiff promised to update the Court on these matters "so that they do not need to be an unnecessary topic in the instant briefing and any subsequent hearing."

Plaintiff failed to provide an update to the Court as promised, and the Court entered a Text Order giving Plaintiff seven days to provide an update. In its update, Plaintiff stated that it still needed to give Defendant the remaining documents wrongly noted as spam, but that it had supplemented its interrogatory responses.

In turn the Court entered the following text order:

The Court orders Plaintiff to completely and comprehensively comply with its discovery obligations within 14 days. The Court reminds Plaintiff that the correct process for anticipated delays is to ask for leave or an extension instead of retroactively providing the Court with excuses. If Plaintiff fails to completely and comprehensively comply with its discovery obligations by the new deadline, Defendant can renew its present motion. Failure to comply with discovery obligations may result in sanctions, including imposing attorney's fees and dismissing the case with prejudice. . ."

On July 6, 2022, Plaintiff produced what if referred to as the "balance of [its] document production . . ." It stated that "90% or so of the data turned out to be spam, but the remaining 10% was responsive . . ." It said it would complete the outstanding matters within one to two days. Nine days later, on July 15, Plaintiff provided the spam domain list. On August 25, 2022, Defendant filed the instant Motion for Sanctions (#60).

## II.    Legal Standard

Under Rule 37(b), a party who fails to obey an order to provide discovery may be subject to the following sanctions:

> (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
>
> (iii)    striking pleadings in whole or in part;
>
> (iv)    staying further proceedings until the order is obeyed;
>
> (v)    dismissing the action or proceeding in whole or in part;
>
> (vi)    rendering a default judgment against the disobedient party; or
>
> (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Further, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## III.    Analysis

Defendant asks the Court to dismiss Plaintiff's claims with prejudice and award Defendant fees and expenses. Defendant argues that Plaintiff violated both the Court's February 3, 2022 Order and June 21, 2022 Order by excluding highly relevant emails from its production. The Court will consider each of Defendant's claims in turn.

1.    **The Spam Folder**

Defendant asserts that Plaintiff's first production in February included over 1 million documents and did not provide a workable way to search the documents to determine their relevance. Defendant alleges that Plaintiff used a spam filter resulting in the exclusion of relevant documents when replacing this production in March.

Plaintiff agreed to include a list of domains it used as spam filters with its March production but did not provide that list until July 15, 2022. Once Plaintiff provided the spam filter list, it revealed that Plaintiff improperly put responsive and non-spam domains in its "spam" filter. For example, Plaintiff's spam filter included chiohd.com, the domain from which Defendant's emails come. Plaintiff also filtered out emails including martindoor.com.[1]

Defendant searched Plaintiff's February production for emails that were filtered out in the March production. Defendant alleges that many relevant emails that Plaintiff produced in February were filtered out by the spam filter and eliminated in the March production. This is important because Plaintiff produced a chart identifying the documents in the Replacement Production. Any documents eliminated by the spam filter were not included in the chart.

Plaintiff argues that it complied with the Agreed Order by eliminating non-responsive documents based on the agreed list of spam domains. Further, Plaintiff asserts that after running the initial spam filter, Plaintiff reviewed all the documents to recover any relevant documents excluded.

The parties' Agreed Order directed Plaintiff to remove spam/advertisement type emails. The Agreed Order stated exactly what domains were being reviewed. Thus, Plaintiff did not error by using the spam filter to eliminate certain documents from its replacement production.

---

[1] Martin Door and Plaintiff engaged in a patent lawsuit, and Defendant asserts this domain falls under the Court's order to produce documents related to "settlement agreements." Defendant further alleges that Plaintiff's spam filter excluded emails including Academy Door & Control Corp. and American Door Supply (which related to manufacturing Plaintiff's product) and emails about Plaintiff's efforts to monetize or license intellectual property.

However, the Agreed Order also provided: "If C.H.I. feels any of these excluded domains need to be reviewed, and FrenchPorte agrees, these spam domains will be reviewed following the production as quickly as possible." After reviewing Plaintiff's replacement production, Defendant felt that some of the spam domains excluded relevant documents and asked Plaintiff to review the spam domains. Plaintiff does not dispute that the spam filters excluded some relevant documents. Plaintiff seems to rely solely on its position that it simply used the agreed upon terms to filter out documents. But, once it became clear that the spam filter excluded relevant documents, Plaintiff should have amended the domains to allow for all relevant documents to be captured. Because these relevant documents were excluded from the replacement production, Plaintiff never provided these documents in the proper format.[2]

The Court has given Plaintiff ample opportunities to produce all relevant documents in the correct format. The Court warned Plaintiff on June 21, 2022, that failure to comply with its discovery obligations may result in sanctions including attorney's fees and/or dismissal of the case with prejudice. Despite this warning, Plaintiff still has not produced all relevant documents in the format required by the ESI Order. For this reason, the Court recommends that sanctions be entered as detailed below.

### 2. The Chart

Second, Defendant argues that Plaintiff failed to provide Defendant with the agreed upon chart that indicated "which of C.H.I's Requests for Production each such document [was] responsive to." Plaintiff admits that it did not provide a chart with its initial March replacement production. Instead, Plaintiff waited until June 3, 2022 to provide the chart. The updated chart contained only those documents that Plaintiff produced in its replacement production. In other words, Plaintiff did not include relevant documents that the spam filter excluded as detailed above.

Furthermore, the chart referenced documents only from four of Defendant's Requests for Production. Defendant raised these deficiencies and Plaintiff produced an

---

[2] These documents were included in the original document dump Plaintiff completed, but as noted, the Court required Plaintiff to format the documents correctly in its replacement production.

updated chart on July 15, 2022. It is not clear whether Plaintiff's updated chart encompassed documents responsive to all of Defendant's Requests for Production, but the updated chart did not include documents excluded by the spam filters. Once again, Plaintiff failed to comply with the Court's Order to "completely and comprehensively comply with its discovery obligations," and the Court recommends that sanctions be awarded to Defendant.

      **B.    Supplement Responses**

Third, Defendant argues that Plaintiff's supplemental responses to Interrogatories Nos. 1-7 did not provide "true, complete, and non-evasive answers" as required by the Agreed Order. As noted above, the Agreed Order directed:

> FrenchPorte will supplement its responses to C.H.I.'s Interrogatory Nos. 1–7 to provide full, complete, and non-evasive answers. To the extent FrenchPorte points to or relies on its production documents to supply the information called for by any Interrogatory, FrenchPorte shall specifically identify any such documents by Bates number by reference to the Bates numbers produced as CHI00000001–CHI01122144. FrenchPorte will further supplement its responses to update its Bates number references to the production called for by Paragraph (ii).

Plaintiff maintains that its responses were not evasive or deficient. Plaintiff further argues that Defendant's alleged inaccuracies are raised for the first time in its Motion for Sanctions, thereby waiving the argument. On April 13, 2022, the parties submitted the aforementioned Agreed Order where Plaintiff specifically agreed to supplement its responses to interrogatories 1 through 7. After entering into the Agreed Order, Defendant contacted Plaintiff numerous times regarding the alleged deficiencies. (#66, Exhibits 39, 40, 41, 52). The Court is not persuaded by Plaintiff's late attempt to argue that it fully responded or that Defendant waived its argument regarding the deficiencies.

Even less persuasive is Plaintiff's argument that its insufficient interrogatory responses are "properly the subject for such a deposition and/or for cross examination at trial." Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Defendant was entitled to this information more than one year

ago, after Defendant served its discovery request on April 9, 2021. Plaintiff's failure to comply with its basic discovery obligations warrants sanctions.

### C.    Sanctions

Defendant requests two forms of sanctions. First, Defendant asks the Court to order Plaintiff to pay Defendant's attorneys' fees caused by Plaintiff's violations of the Court's orders dating back to February 3, 2022. Second, Defendant asks the Court to dismiss Plaintiff's claims with prejudice.

The district court is authorized to order sanctions as severe as dismissing the action when a litigant fails to obey a court order compelling discovery. *See Govas v. Chalmers*, 965 F.2d 298, 303 (7th Cir. 1992) ("Our case law makes it clear that a district court has the discretion to dismiss a claim when a party demonstrates a pattern of dilatory and evasive discovery tactics and when that party willfully persists in such tactics in violation of court warnings and orders."). However, the sanction selected must "be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). "Of all possible sanctions, dismissal is considered draconian." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Entry of dismissal for a litigant's failure to cooperate in the discovery process requires a showing of willfulness, bad faith, or fault on the part of the non-moving party. *Id.* In order to apply the sanction of dismissal, the Court must first consider and explain why lesser sanctions would be inappropriate. *See Long*, 213 F.3d at 986.

Over the past year, it has become abundantly clear that sanctions are not only justified, but necessary, due to Plaintiff's disregard of the Federal Rules of Civil Procedure and Court orders. Plaintiff has failed to comply with its discovery obligations. Plaintiff failed to comply with Court orders requiring compliance. Accordingly, sanctions are warranted under Fed. R. Civ. P. 37(d).

The Court recommends that Defendant be awarded all reasonable expenses caused by Plaintiff's failure to comply with its discovery obligations and the Court orders. Under Rule 37(d)(3), when the Court issues sanctions under Rule 37(d), "the court *must* require the party failing to act, the attorney advising that party, or both to pay the

reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added).

Before it can assess fees, the Court requires more information to determine whether the fees should be paid by Plaintiff or Plaintiff's counsel. **The Court directs Plaintiff to file a brief explaining its failure to comply with the prior Court's orders within 14 days. Failure to do so will result in this Court recommending the case be dismissed with prejudice.**

The Court directs Defendant to submit a detailed log of expenses, including attorney fees, associated with Plaintiff's failure to comply with its discovery obligations and the prior Court orders within 21 days.

While the Court is not recommending dismissal at this time, the Court notes that that Plaintiff's demonstrated pattern of defiantly ignoring the Federal Rules of Civil Procedure and prior Court orders justifies dismissal of this case. The only thing saving this case is that the Court has not assessed lesser sanction to secure Plaintiff's compliance. Plaintiff must fully and completely comply with all its discovery obligations and this Court's prior orders, including the parties' Agreed Order, within 21 days. **Failure to do so will result in this Court recommending dismissal.**

## IV.    Conclusion

For these reasons, the Court orders as follows:

1.  Plaintiff must submit a brief explaining its failure to comply with the Court's orders within 14 days,

2.  Plaintiff shall submit a detailed list of expenses, including attorney fees, associated with Plaintiff's failure to comply with its discovery obligations and prior Court orders within 21 days, and

3.  Plaintiff must fully and completely comply with all its discovery obligations and prior Court orders, including the parties' Agreed Order, within 21 days.

Furthermore, the Court recommends that the district judge grant Defendant's Motions for Sanctions by awarding Defendant reasonable fees associated with Plaintiff's failure to comply with discovery obligations and prior court orders.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). While the Report and Recommendation is pending before the District Judge, Plaintiff's obligation to completely and comprehensively comply with its discovery obligations remains.

ENTERED this 19th day of December, 2022.

_____
s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE