E-FILED
Friday, 10 March, 2023 04:23:38 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

**FRENCHPORTE IP, LLC,**

**Plaintiff,**

**v.**

**C.H.I. OVERHEAD DOORS, INC.,**

**Defendant.**

**Case No. 21-CV-2014**

## ORDER

In a Report and Recommendation (#70) filed on December 19, 2022, Magistrate Judge Eric I. Long recommended that the court grant the Motion for Sanctions (#60) filed by Defendant C.H.I. Overhead Doors, Inc. Plaintiff, FrenchPorte IP, LLC, filed an Objection (#71) on January 1, 2023. Defendant filed a Response (#77) to the Objection on January 17, 2023. For the reasons and to the extent set forth below, the court ACCEPTS the Report and Recommendation (#70) of Judge Long and imposes sanctions upon Plaintiff.

## BACKGROUND

The court presumes the parties are familiar with Judge Long's Report and Recommendation (#70) and will therefore dispense with an especially detailed summary of the Report, which described the underlying facts of the parties' discovery dispute in comprehensive detail.

The discovery dispute between the parties originates in a Motion to Compel (#34) filed by Defendant on November 29, 2021. In the Motion, Defendant requested that Plaintiff be ordered to supplement its responses to interrogatories 1-7 and to supplement its responses to 10 requests for production. Judge Long granted that Motion, ordering Plaintiff "to make available all remaining responsive documents for Defendant's Request for Production" and "to appropriately supplement its responses to interrogatory Nos. 1-7" by February 14, 2022.

Beginning on February 17, 2022, Plaintiff began producing documents in response to Defendant's production requests. Defendant alleges that this production contained more than a million documents, including "voluminous non-responsive documents (which made finding relevant materials all but impossible)." Judge Long referred to this disclosure as a "document dump." Later, Plaintiff supplemented its responses to interrogatories, but Defendant alleges that the supplemental responses included improper objections and still failed to fully answer the interrogatories.

The parties conferred about Defendant's continued objections. Correspondence from this period indicates that Plaintiff's counsel was aware of the deficiencies and had promised to rectify them. Defendant filed a proposed Agreed Order (#49) on April 13, 2022, indicating that Plaintiff would replace its February document production. The new production would utilize a spam filter to "remove spam/advertisement type e-mails." Plaintiff agreed to provide a list of domains excluded by the spam filter for Defendant's review. Plaintiff would also provide chart documenting exactly which of Defendant's requests for production each document was responsive to. Finally, Plaintiff

agreed to supplement its interrogatory responses. The proposed Agreed Order did not contemplate a specific deadline, though it did state that fact discovery would be extended to May 30, 2022. The proposed Agreed Order was never actually entered.

*Interrogatories*

After the filing of the proposed Agreed Order, Defendant contacted Plaintiff on multiple occasions regarding the alleged deficiencies in its interrogatory responses. In its Response to the instant Motion for Sanctions, Plaintiff contends that its original responses were *not* evasive or deficient. Judge Long rejected that "late attempt to argue that [Plaintiff] fully responded[.]" Judge Long also rejected the legal argument that insufficient interrogatory responses are properly the subject for deposition or cross-examination at trial.

*The Spam Filter*

Plaintiff did not provide Defendant with a list of domains excluded by its spam filter until July 15, 2022. The list revealed that the spam filter had excluded relevant domains, including the one from which Defendant's own e-mails originated and multiple other door companies. Cross-reference between that list and the (unfiltered) February document dump showed that numerous relevant documents were excluded from the replacement production, a fact that Plaintiff apparently does not dispute. Judge Long concluded that "once it became clear that the spam filter excluded relevant documents, Plaintiff should have amended the domains to allow for all relevant documents to be captured." As a result, Judge Long found that Plaintiff has never provided those documents in the required format.

*The Chart*

Plaintiff produced the chart contemplated in the proposed Agreed Order on June 3, 2022. As discussed above, it did not contain the relevant documents excluded by the spam filter. Moreover, it referenced documents from only four of Defendant's requests for production. Even after Plaintiff produced a new chart on July 15, 2022, it still did not include reference to the relevant-but-filtered documents.

*Sanctions*

Defendant requested two forms of sanctions: attorneys' fees and expenses caused by the discovery violations and dismissal of Plaintiff's claims with prejudice. Judge Long found sanctions appropriate for Plaintiff's discovery failures with respect to the three grounds addressed above: supplementation of its interrogatory responses, utilization of the spam filter in its replacement document production, and the responsiveness chart. Judge Long recommended that "Defendant be awarded all reasonable expenses caused by Plaintiff's failure to comply with its discovery obligations and the Court orders."

Judge Long recommended against dismissal of Plaintiff's claims. Defendant lodged no objection to that recommendation.

**ANALYSIS**

Rule 72(b) of the Federal Rules of Civil Procedure requires a party that disagrees with a magistrate judge's report and recommendation to file "written, specific objections" to the report. "Under Rule 72(b), the district court judge must make a de novo determination only of those portions of the magistrate judge's disposition to

which specific written objection is made. If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Defendant argues that the court should review the Report and Recommendation only for clear error because Plaintiff has failed to make a "particularized objection, accompanied by legal authority and argument in support of the objection." See *U.S. ex rel. McCall v. O'Grady*, 1995 WL 584333, at *1 (N.D. Ill. Oct. 3, 1995). Defendant also points out that Local Rule 72.2(B) requires that an objection "must specifically identify the portions of the report and recommendation to which objection is made and the basis for the objection and must be accompanied by a memorandum of law in support of the objection."

It is true that Plaintiff's Objection does not contain a single citation to authority. However, the Objection exclusively disputes the factual underpinnings of Judge Long's sanctions recommendation. Plaintiff primarily argues that it did not engage in the conduct that Judge Long found amounted to discovery violations. Because written objection has been made to specific, identifiable factual findings contained within the Report and Recommendation, the court will proceed with de novo review. See *McCall*, 1995 WL 584333, at *1.

*Irrelevant Matters*

Plaintiff initially takes exception to portions of the pre-March 2022 timeline set out in the Report and Recommendations. Plaintiff disputes the exact date of proper service of Defendant's production requests, whether its initial responses were timely,

and whether the February production was timely. Plaintiff concedes that its February supplemental interrogatory responses were disclosed after the court's deadline, but offers numerous explanations for that failure.

None of that disputed conduct served as a basis for Judge Long's recommendation for sanctions. The court's review of the Report and Recommendation will be limited to those grounds.

*The Proposed Agreed Order*

As a threshold matter, Plaintiff asserts that the Report and Recommendation "neglects to mention that [the court] declined to enter the agree upon Order[.]" Plaintiff concedes that it "did continue to treat [the proposed Agreed Order] as a good faith agreement between counsel." Yet, Plaintiff also asserts that the proposed Agreed Order was no more than "a framework for further discussion."

The record reflects that the proposed Agreed Order was never entered by the court. The Report and Recommendation never states or implies otherwise. Insofar as Plaintiff is implicitly arguing that a mere agreement between the parties cannot serve as the basis of discovery obligations—and, by extension, sanctions—Plaintiff is raising a legal argument entirely unsupported by any citations to authority. "Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017).

Any such argument would be unavailing in any event. First, violation of a discovery agreement may still be an appropriate basis for sanctions. *E.g.*, *Kendall v. Vill. of Maywood*, 2008 WL 4874128, at *2 (N.D. Ill. June 12, 2008); see also *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994) (implying that "any agreement among the parties that might constitute an 'order'" would be sufficient basis for sanctions under Rule 37); *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prod. Liab. Litig.*, 2018 WL 3972909, at *11 n.9 (D.N.M. Aug. 18, 2018) ("[I]f the parties could not rely on courts to enforce discovery agreements, there would be little incentive for parties to make them.").

More importantly, Defendant filed a Motion to Compel and for Sanctions (#54) approximately a month after the filing of the proposed Agreed Order. In its Response (#57), Plaintiff conceded that it still owed Defendant certain disclosures contemplated in the proposed Agreed Order.[1] Judge Long denied Defendant's motion, but wrote in the text order: "The Court orders Plaintiff to completely and comprehensively comply with its discovery obligations within 14 days." Under these circumstances, there is no question that Plaintiff was under a court-ordered obligation to produce the discovery in question.

---

[1] From that Response: "FrenchPorte does still owe C.H.I. an agreed upon second supplement to its original interrogatory responses" and "FrenchPorte also owes C.H.I. an index of the document requests its document production is responsive to and will produce that later this week" and "FrenchPorte also owes C.H.I. a list of the excluded domains used by its spam filter."

*Supplemental Interrogatory Responses*

Defendant filed its original Motion to Compel (#34) on November 29, 2021, seeking, inter alia, that Plaintiff be ordered to supplement its responses to interrogatories 1-7. Defendant had brought to Plaintiff's attention its objections to the responses four months earlier; while Plaintiff had promised to supplement those responses, its failure to do so ultimately prompted the Motion to Compel. Judge Long granted that Motion, ordering Plaintiff "to appropriately supplement its responses to interrogatory Nos. 1-7 by February 14, 2022."

Plaintiff tendered its supplementary responses one week late, as it has admitted. In the unopposed motion accompanying the proposed Agreed Order, Defendant stated that the supplemental responses "lodged new improper objections and largely failed to actually answer the interrogatories." Plaintiff tacitly agreed with this characterization, as evidenced by the fact that it agreed to supplement its responses again, so as to, in the words of the proposed Agreed Order, "provide full, complete, and non-evasive answers."

Approximately one month later, when Plaintiff still had not provided the supplemental responses, Defendant filed the Motion to Compel and for Sanctions (#54) discussed in the section above. It was in response to that motion that Plaintiff conceded it did "still owe C.H.I. an agreed upon second supplement to its original interrogatory responses."

Plaintiff finally filed its second supplemental responses on June 2, 2022. Those responses largely suffered from the same defects identified in the original responses and first supplemental responses. Certain responses were unchanged from prior versions. Moreover, the latest supplementation included entirely new objections, which Judge Long appropriately found to be waived. See Fed. R. Civ. P. 33 ("Any ground not stated in a timely objection [to an interrogatory request] is waived unless the court, for good cause, excuses the failure.").

In sum, Plaintiff has never seriously disputed that its original interrogatory responses or its first supplemental interrogatory responses were evasive and insufficient. Its latest supplemental responses, not particularly different in substance from other iterations, cannot be characterized as fulfilment of Plaintiff's discovery obligations.

*The Spam Filter*

Judge Long concluded that the inclusion of relevant domains in Plaintiff's spam filter resulted in the exclusion of relevant documents in Plaintiff's replacement production. While those relevant documents *had* been produced in the February 2022 document dump, Judge Long found that "Plaintiff never provided these documents in the proper format."

As a threshold matter, Plaintiff disputes Judge Long's finding that the February 2022 production was noncompliant. It maintains that "the document[s] were originally provided in the proper format, at least as far as searchability and core metadata

domains are concerned." Thus, Plaintiff argues that the effect of the spam filter is essentially irrelevant, given that it had properly produced the documents in question in the first place.

Plaintiff's use of the phrase "at least as far as" seems to admit that the production was noncompliant in other ways. Indeed, Plaintiff writes elsewhere in its Objection that its February 2022 production omitted "some minor and largely unimportant metadata." Plaintiff conceded in multiple correspondences with Defendant's counsel following the February production that that production had been deficient. That ultimately gave rise to Plaintiff's agreement to replace that production, memorialized in the proposed Agreed Order. Moreover, it does not appear that Plaintiff has ever argued that the February production was not overborne with nonresponsive documents, the very problem the agreement to apply a spam filter was intended to address.[2] Plaintiff cannot credibly argue now that its original production was satisfactory in the first place.

Plaintiff also argues that "once the deficiencies in the spam domains were identified as including some domains that . . . should be reviewed[,] those domains were all reviewed and were produced when they contained relevant information."

[2] The voluminous and largely unresponsive February document dump could itself be characterized as a discovery violation (*e.g.*, *Strategic Cap. Bancorp, Inc. v. St. Paul Mercury Ins. Co.*, 2015 WL 5675015, at *3 (C.D. Ill. Sept. 24, 2015); *Alford v. Aaron Rents, Inc.*, 2010 WL 2765260, at *22 (S.D. Ill. May 17, 2010) ("Defendants' document production, more aptly document 'dump,' is inexcusable.")), which makes Plaintiff's reference to that production as a defense to the spam filter issue particularly curious.

Plaintiff does not seem to dispute that it failed in the first instance to comply with the proposed Agreed Order. That agreement required Plaintiff to apply a filter "to remove spam/advertisement type emails" from its replacement production and to "provide with its production a list of all the domains that have been excluded as spam domains (e.g., Groupon, Nutrisystem, etc.)[.]" But Plaintiff did not provide this domain list until July 15, 2022. When it did, it was immediately clear that Plaintiff filtered out non-spam, non-advertisement domains that results in the exclusion of relevant documents. Again, Plaintiff does not dispute these facts.

Finally, the court rejects Plaintiff's assertion that "those domains were all reviewed and were produced when they contained relevant information." Insofar as this is a claim that Plaintiff separately produced relevant documents filtered out by its overbroad spam filter, it is unsupported by any exhibit on the docket.

*The Chart*

Plaintiff agreed to provide a chart showing to which particular request for production each document it produced was responsive. Plaintiff produced the chart on June 3, 2022. However, the chart referenced only the replacement production, and thus did not include those relevant documents excluded by the spam filter (discussed above). Worse yet, the chart apparently references only four of Defendant's request for production.

Plaintiff does not dispute that the chart was insufficient in its Objection. First, Plaintiff argues that the chart was "eventually produced," a stirring defense that misses the point entirely. It further asserts that the chart "was a subject of negotiation and was

never the subject of an agreed upon date in the agreed order. Which was never ordered by the court." Essentially, Plaintiff argues that it did not *really* have to provide a sufficient chart. This argument is rejected.

In summary, the court finds that Plaintiff failed to comply with its discovery obligations in three separate respects: supplementing its interrogatory responses, applying an appropriate spam filter with respect to its replacement production, and providing a responsiveness chart accompanying that production. Federal Rule of Civil Procedure 37(b)(2) allows the court to impose sanctions against a party who fails to comply with the court's discovery orders. Sanctions for failure to comply with discovery obligations must include ordering "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Accordingly, the court ACCEPTS Judge Long's Report and Recommendation (#70) and orders that Plaintiff compensate Defendant for all reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to comply with its discovery obligations and court orders.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#70) is ACCEPTED and the Motion for Sanctions (#60) is GRANTED. Plaintiff is ordered to compensate Defendant for the reasonable expenses, including attorneys' fees, incurred in relation to Plaintiff's discovery violations.

(2) Motions to Seal (#59), (#63), (#65), and (#75) are GRANTED.

(3) The matter is referred back to the magistrate judge for further proceedings.

ENTERED this ____ day of __________ , 2023.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE