IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| FRENCHPORTE IP, LLC, | ) |
| Plaintiff, | ) C.A. No. 2:21-CV-02014-CSB-EIL |
| v. | ) **JURY TRIAL DEMANDED** |
| C.H.I. OVERHEAD DOORS, INC., | ) |
| Defendant. | ) |

**C.H.I.'S OPPOSITION TO FRENCHPORTE IP, LLC'S
MOTION FOR A ONE-WEEK EXTENSION OF TIME**

FrenchPorte IP LLC's ("FrenchPorte") latest effort to obtain a unilateral extension to Court-ordered deadlines should not be granted. The Court set a deadline of October 31, 2023 for FrenchPorte to fully comply with its discovery obligations. *See* 10/18/2023 Text Order. FrenchPorte agreed unequivocally to this deadline during the October 18, 2023 status hearing. Indeed, at the same hearing, FrenchPorte's counsel assured the Court that it would "absolutely be complying" with all of its discovery obligations by October 31, 2023. 10/18/2023 Tr. at 6:18–19.

FrenchPorte now claims that on October 18, 2023, one lawyer at one of its two law firms "fell seriously ill with the flu" and "will lose a about a seven day period of full time productivity as a result." Dkt. 105 ("Mot.") at ¶¶ 1–2. But by October 18, 2023, it had already been *ten months* since FrenchPorte had been ordered to comply within 21 days with the Court's December 19 Report and Recommendation. Dkt. 70 at 9 (ordering FrenchPorte to "fully and completely comply all its discovery obligations and prior Court orders, including the parties Agreed Order" by January 9, 2023). On January 9, 2023, FrenchPorte still had not complied, but, importantly, Moarbes and Mr. Mason remained FrenchPorte's counsel for 22 days thereafter, before seeking to withdraw on January 31, 2023. *See* Dkt. 78. And by September 19, 2023, which was 41 days ago, FrenchPorte

1

advised the Court that had reached an agreement for Mr. Mason to remain as its counsel. *See* Dkt. 100 ("Moarbes, FrenchPorte, and Mr. Smith reached a verbal agreement whereby Moarbes would withdraw its motion to withdraw and remain as lead counsel"). Thus, even excluding the time between January 31, 2023 (the date Mr. Mason sought to withdraw) and September 19, 2023 (when Mr. Mason agreed to remain as FrenchPorte's counsel), FrenchPorte has already had **84 days** to comply with the Court's 21-day deadline. The alleged illness of one lawyer in that timeframe comes nowhere close to establishing good cause for an extension.

Additionally, FrenchPorte neglects to inform the Court that the Moarbes law firm employs 10 lawyers, 7 of whom list "litigation" as one of their practice areas. Ex. 1, Moarbes Professionals Profiles. One of those lawyers, Dr. Scott Krygier, works closely with Mr. Mason, and easily could have assisted in this circumstance. *See id.* at 10–11 (Dr. Scott Krygier Profile) ("Dr. Krygier and the head of the life sciences practice, Mr. Mason, have combined their collective 30 years of outside counsel legal expertise with practical knowledge gained by working in business to efficiently counsel clients on a comprehensive strategy for FDA and USPTO approval, ***along with downstream success in threatened or actual litigation***"). And FrenchPorte also could have drawn on an additional law firm, Cogent Law. *See* Dkt. 100 at ¶ 4 ("Moarbes, FrenchPorte, and Mr. Smith reached a verbal agreement whereby Moarbes would withdraw its motion to withdraw and remain as lead counsel with Mr. Smith's assistance to provide a second opinion whenever requested by FrenchPorte"). Despite representing at the hearing Mr. Mason and Mr. Smith would both work on this case, *see* 10/18/2023 Tr. at 6:20–23, FrenchPorte provides no explanation as to why FrenchPorte did not seek assistance from Mr. Smith or the numerous other attorneys associated with Cogent Law Group (such as Mark Ghatan, who has experience with intellectual property litigation). *See* Ex. 2, Cogent Law Attorney Profiles. Given that Cogent Law Group has

had many weeks to evaluate this matter and Mr. Smith of the Cogent Law Group has, according to FrenchPorte, "deep familiarity with the FrenchPorte technology and patent in suit," Dkt. 100 at ¶ 3, it easily could have assisted with providing FrenchPorte's responses. Simply put, the alleged unavailability of one lawyer among many is no reason to extend a 10-month old deadline.

And even if FrenchPorte had not already had months to comply with the deadline (it has) and even if it only had one lawyer working on this case (it doesn't) that still would not be a reason to extend this important deadline. Mr. Mason's argument that because his personal availability has allegedly been impacted, he should have more time to comply with a nearly-year old deadline is wrong, as there are no "special rules" or "special deadlines" for him. *Logan v. Berryhill*, No. 10 C 5051, 2017 WL 1344521, at *3 (N.D. Ill. Apr. 12, 2017) ("Coming from a small firm I am not unsympathetic to claims by an attorney that make timely performance difficult. But, Mr. Rose continuously has used the excuse of the size of his practice as a basis for year after year flouting the rules by which all other lawyers have to live. There aren't special rules and special deadlines for sole practitioners."); *see also Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) ("[N]eglect due to a busy schedule is not excusable. Common sense dictates that there is a limit to the quantity of cases a sole practitioner can professionally handle by [herself] at any one point in time.").

To be clear, Mr. Mason is not a solo practitioner, but even if he were, Mr. Mason has repeatedly made excuses in this case as to why he cannot comply with numerous deadlines. As just a few examples, Mr. Mason:

- Delayed court-ordered meet and confer on proposed claim constructions because he was "on [his] honeymoon" (Ex. 3, 12/8/2021 5:32 AM corresp.);

- Missed deadline to file claim construction brief because his "family … moved to Boston over this past long weekend for the next four months from the Washington D.C. suburbs and while we are in a fully furnished AirBnb, and are securing office space for

3

myself and my wife, its been a lot more work than anticipated" (Ex. 4, 1/19/2022 3:22 PM corresp.);

- Delayed document production because he "had the flu all this week" (Ex. 5, 3/25/2022 5:38 PM corresp.);

- Requested three-week extension to retain new counsel because "[i]mmediately after returning from travel, the undersigned fell seriously ill" (Dkt. 98);

- Delayed negotiations on an Agreed Order (Dkt. 49) because he had "a Markman brief due tomorrow in another matter and another motion to file today" (Ex. 6, 1/20/2022 3:11 PM corresp.);

- Missed promised document production date because "the endorsing, zipping, and downloading of these materials took much longer than expected" (Ex. 7, 2/16/2022 4:42 PM corresp.);

- Failed to produce all court-ordered documents because "[t]here have been some technical issues with some of the remaining materials" (Ex. 8, 2/17/2022 10:22 AM corresp.);

- Delayed negotiations on an Agreed Order (Dkt. 49) because he was "stuck in jury duty all Friday" (Ex. 9, 4/11/2022 9:04 AM corresp.);

- Delayed document production because "the compressed archives that our vendor uploaded over the weekend were corrupted in significant part and didn't un-compress properly on this side so we are losing today for review while we redo the transfer today in uncompressed format to avoid any repeat" (Ex. 10, 3/14/2022 11:42 AM corresp.);

- Requested one-week extension to response to C.H.I.'s Second Set of Interrogatories because his "wife [] contracted covid" and he had "significant respiratory symptoms and fatigue" (Ex. 11, 5/11/2022 10:35 AM corresp.);

- Requested one-week extension to respond to C.H.I.'s Reply to its Motion to Compel because he "suffered [a cycling accident] this past week, resulting in a fall that required him to be taken to the ER" (Dkt. 68); and

- Requested two-week extension to retain new counsel because "Mr. Smith of Cogent Law Group indicated late this afternoon today that he believes it is likely the undersigned will be able to hand off the case" and "that these discussions can be concluded successfully with another two weeks time" (Dkt. 99).

As shown above, Mr. Mason has used claims of a personal illness or injury by himself or a family member to seek extensions *five times* already. While "the extension of the occasional deadline may be necessary—after all, things happen—and the Court is sympathetic to the personal

issues [an attorney] claims have contributed to h[is] need to seek numerous extensions[,] a request for an extension should be the exception, not the norm, and a party should not be asking judges to extend almost every deadline they set." *Mallory v. Rush Univ. Med. Ctr.*, No. 18 C 4364, 2021 WL 458547, at *16 (N.D. Ill. Feb. 9, 2021). Accordingly, Mr. Mason's continued reliance on varied personal excuses to strategically avoid complying with the Court's orders should be rejected. It has delayed this case, wasted the Court's resources and prejudiced C.H.I., who has regularly complied with the Court's orders and has repeatedly accommodated FrenchPorte's and its counsel's requests for extension.

Finally, Local Rule 6.1 requires that any motion for an extension of time "must state whether opposing counsel has objection to the motion." L.R. 6.1. FrenchPorte admits that it did not even "inquire[] as to whether or not C.H.I. opposes the instant motion." Mot. at ¶ 3. FrenchPorte's claim that it does not have to abide by the rules of this Court because an alleged "total breakdown in courtesy and good faith efforts to resolve matters without the Court's guidance" is provably false. *Id.* FrenchPorte is solely responsible for the inordinate number of disputes requiring the Court's intervention because, as the Court found when sanctioning FrenchPorte, FrenchPorte has "disregard[ed] [] the Federal Rules of Civil Procedure and Court orders" through this case and its "demonstrated pattern of defiantly ignoring the Federal Rules of Civil Procedure and prior Court orders justifies dismissal of this case." Dkt. 70 at 8–9. C.H.I., on the other hand, has repeatedly agreed to provide FrenchPorte extensions to Court ordered deadlines. Indeed, FrenchPorte has recently dispensed entirely with meeting and conferring, apparently because it believes the Court will reward such behavior with extension. *See* Mot. at ¶ 3; *see also* Dkts. 68 ("Frenchporte has not inquired as to whether or not C.H.I. opposes the instant

motion."), 98 (failing to indicate whether C.H.I. opposed the motion because FrenchPorte did not seek a meet and confer prior to filing). The Court should not do so.

      Accordingly, C.H.I. respectfully requests that Court deny FrenchPorte's request to extend the October 31, 2023 deadline to fully comply with its discovery obligations.

Dated: October 30, 2023            Respectfully submitted,

/s/ *Gianni Cutri*
Gianni Cutri
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200
gcutri@kirkland.com

*Attorney for Defendant C.H.I. Overhead Doors, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2023, the foregoing document was filed electronically through the Court's Electronic Case Filing System.  Service of this document is being made upon all counsel of record in this case by electronic mail on this date.

By: /s/ *Gianni Cutri*