UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| FRENCHPORTE IP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-CV-2014 |
| | ) |
| C.H.I. OVERHEAD DOORS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff, FrenchPorte IP, LLC, filed a patent infringement claim against Defendant, C.H.I. Overhead Doors, Inc, which this court dismissed on December 7, 2023. See Order #127. Following that dismissal, only two issues remain: (1) the amount of attorneys' fees to be paid to Defendant, as a sanction previously imposed for Plaintiff's failure to comply with discovery orders, and (2) division of responsibility for paying those attorneys' fees, as between Plaintiff and Plaintiff's counsel.

On March 11, 2024, Magistrate Judge Eric I. Long entered a Report and Recommendation (#133), in which he recommended that Defendant be awarded $24,739.38 in fees and $21,699.21 in other expenses for a total of $46,438.59. Judge Long further recommended that Plaintiff and Plaintiff's counsel's firm, Moarbes, each be responsible for 50% of that total. The parties were informed that they had 14 days in which to lodge objections to the Report and Recommendation, and that that the failure to object would amount to a waiver of any objections on appeal.

On March 25, 2024, the final day of the objection period, Plaintiff's counsel filed two documents. The first is a Motion to Strike (#134), in which counsel requests that the court strike docket entry #132, a sealed pro se letter filed by FrenchPorte managing partner Kenneth Maher. The second is a Motion for Extension of Time to Object or Otherwise Move with Respect to Potentially Revised Report and Recommendation (#135).

Those filings are based upon one central argument: Judge Long erred in considering Maher's pro se letter (#132), both because a corporation is not entitled to proceed pro se in federal court and because it was an ex parte communication with the court, because the letter was sealed and unavailable to counsel. In the Motion for Extension of Time, Plaintiff's counsel argues: "In the event the Court grants [the] motion to strike, the Court's Report and Recommendations will need to be revised so that they no longer rely in any way on the stricken material. Once the Court enters this revised Report and Recommendations, the parties will then have the normal two week period to object." Alternatively, counsel asserts that if the Motion to Strike should be denied, the parties should have two weeks from the date of that decision in which to object to the original Report and Recommendation.

As an initial matter, the Motion to Strike is untimely. Maher's letter was docketed on February 15, 2024. Plaintiff's counsel explains in his Motion to Strike that he immediately inferred that the sealed document was a pro se letter from Maher, but that instead of moving to strike the letter, he would move for access to the document.

Yet, neither such motion was filed in the 25 days between the docketing of the letter and the entry of Judge Long's Report and Recommendation.

The striking of the letter—a procedural technicality—is an issue distinct from reliance on the letter. The latter question is, ultimately, the objection raised by Plaintiff's counsel in his Motion for Extension of Time. In that Motion, counsel argues that the Report and Recommendation must be revised, and that the parties should then be given two weeks to file objections to the revised order.[1] Though styled as a Motion for Extension of Time, that Motion is, at bottom, an objection to the Report and Recommendation, arguing that Judge Long erred in considering Maher's letter as part of his analysis.

In a footnote in his Report and Recommendation, Judge Long said the following about Maher's letter: "While a limited liability company may not appear *pro se*, the Court will consider this letter in determining how the fee sanction should be assessed between client and counsel." While Judge Long was clearly concerned about the fact that counsel's interests were diametrically opposed to those of the client corporation on the issue of responsibility for paying attorneys' fees, this court will assume, arguendo,

---

[1] Curiously, Plaintiff's counsel also asserts that even if the Report and Recommendation is *not* revised, the objection period should begin anew. It is entirely unclear, and unexplained by counsel, why the parties would be given two additional weeks to file objections to the same Report and Recommendation.

3

that consideration of or reliance on a document that a party has not seen and does not have access to would be error.[2]

The footnote notwithstanding, a review of Judge Long's analysis makes clear that Maher's letter played no actual role in Judge Long's recommendation. The central dispute between Plaintiff and its counsel was whether counsel was appropriately using the funds that Plaintiff was providing. As Judge Long described it:

> Moarbes argues FrenchPorte failed to provide the funding necessary to fulfill FrenchPorte's discovery obligations and therefore bears the responsibility for FrenchPorte's discovery failures. FrenchPorte, however, argues that it provided the necessary funding to Moarbes, that Moarbes failed to use that funding appropriately, and that Moarbes therefore bears the responsibility for FrenchPorte's discovery failures.

Maher's letter was not the first statement of FrenchPorte's position on the matter. Rather, the dispute was well documented in a sealed document (#93) filed by Plaintiff's counsel. Indeed, the dispute between FrenchPorte and Moarbes is well-documented throughout the docket. Judge Long cites to docket entry #93 and its attached exhibits (primarily invoices) extensively throughout his Report and Recommendation.

The sole substantive reference to Maher's letter in the Report and Recommendation is the following sentence: "FrenchPorte, however, points to the fact that it paid Moarbes $100,000 on March 15, 2022, and $25,000 on July 2, 2022. (See #132,

---

[2] While sealed documents are ordinarily provided to the other parties by the filing party, Plaintiff's counsel asserts that Maher has not provided a copy of his letter. Of course, Judge Long had no way of knowing that, because as discussed earlier, Plaintiff's counsel declined to file any motion with respect to the letter until now.

Ex. A)." But this was not new information. Indeed, Exhibit A to Maher's letter[3] is simply the same invoice that Plaintiff's counsel had previously attached to, and discussed in, his filing at docket entry #112. There is no dispute that FrenchPorte made $125,000 in payments in the spring and summer of 2022. The only dispute is whether that was sufficient to fund its discovery obligations.

> On that point, Judge Long concluded:
>
> It is unclear from the invoices whether Moarbes used the $100,000 to pay Chevy Chase [another law firm involved in the litigation] or itself. (See #93, Exs. 4, 6, 7-8). Regardless, Moarbes acknowledges that "FrenchPorte eventually did fund an external review" but "it did so begrudgingly and after losing many critical weeks of review opportunity with a fully funded team." (#112 at 10).
>
> On the one hand, it appears that FrenchPorte's delay in providing funding to Moarbes contributed to the inadequate February document production and interrogatory responses. On the other hand, it appears that Moarbes had the adequate funding as of March 15 and still failed to comply with FrenchPorte's discovery obligations, leading Defendant to file its renewed Motion for Sanctions in August 2022. Accordingly, both FrenchPorte and Moarbes are responsible for the failures and therefore the sanctions, with Moarbes bearing 50 percent of the responsibility and FrenchPorte bearing 50 percent of the responsibility.

In sum, Judge Long concluded—without resort to Maher's letter or exhibits—that FrenchPorte had made significant payments to counsel, including enough to fund certain aspects of the litigation, though ultimately not enough for counsel to fully comply with the discovery obligations. On those facts, an even apportionment of the responsibility for the sanctions award is just and reasonable.

---

[3] The invoices attached to Maher's letter were the reason for the letter's sealing.

It is clear that, despite the early footnote referencing Maher's letter, Judge Long placed no *actual* reliance on the letter in reaching his recommendation. In any event, this court has not considered Maher's letter, and reaches the conclusion that even apportionment of the responsibility for the sanctions award is, indeed, appropriate. See *Herbst v. Ryan*, 90 F.3d 1300, 1304 (7th Cir. 1996) (district court has wide discretion in allocating liability for fee award among multiple parties, and such allocation is subject to deferential review). The court therefore adopts the magistrate judge's recommendation and orders that Defendant is entitled to an attorneys' fee award of $46,438.60—a single cent more than the total recommended by Judge Long—and that FrenchPorte and Moarbes are each liable for half of that total, or $23,219.30.

In closing, the court returns again to the curious styling of Plaintiff's counsel's Motion (#135). Counsel has essentially identified an issue with the Report and Recommendation—the purported reliance on Maher's letter—and used that as a basis to seek an extension of time to file an objection. But the court can find no basis for such a tact in statute or an example in case law. Counsel has cited none. The court, having considered the substantive objection and agreed with the recommendation of the magistrate judge, sees no basis upon which it should extend the objection deadline.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#133) is accepted by this court.

(2) The Motion for Extension of Time to Object or Otherwise Move with Respect to Potentially Revised Report and Recommendation (#135) is DENIED.

(3) Defendant C.H.I. Overhead Doors, Inc. is awarded attorneys' fees in the amount of $46,438.60. FrenchPorte IP, LLC shall be liable for half of that amount, or $23,219.30. Moarbes LLP shall also be liable for half of the same amount, or $23,219.30.

(4) The Clerk is directed to transmit to Plaintiff's counsel the full contents of docket entry #132.

(5) The Motion to Strike (#134) is DENIED as MOOT.

(6) This matter is terminated.

ENTERED this 27th day of March , 2023.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE